THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE PROPRIETORS OF STRATA PLAN NO. 36, a Turks and Caicos Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CORALGARDENS.COM, a domain name registered in Illinois,<br><br>    Defendant. | Case No. 13 CV 8669 |

**COMPLAINT FOR VIOLATIONS OF THE
<u>ANTICYBERSQUATTING CONSUMER PROTECTION ACT</u>**

Plaintiff, The Proprietors of Strata Plan No. 36, by its attorneys, for its *in rem* complaint against Defendant coralgardens.com, a domain name registered in this district, alleges and states as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a). Venue in this district is proper under 28 U.S.C. § 1391(b) and 15 U.S.C. § 1125(d)(2)(C)(i).

**PARTIES**

2. Coralgardens.com ("Domain Name") is a domain name registered with DomainPeople, Inc., as registrar, by Whoisprotector, Inc., the registrant company, with an address of 100 North Riverside, Suite 800, Chicago, Illinois.

3.  The Proprietors of Strata Plan No. 36 ("Plaintiff" or "Strata") is a Turks and Caicos corporation with its principal place of business in Providenciales, Turks and Caicos Islands, British West Indies.

4.  The use of and control over the Coralgardens.com Domain Name has been by and through Coral Gardens Resort Management, Ltd., a Turks and Caicos corporation, and the family that owns it and directs its actions, Ron Karnehm, Beverly Karnehm and Leanne Karnehm, all Canadian residents.

## BACKGROUND

5.  Plaintiff, The Proprietors of Strata Plan No. 36, is a statutory body corporate, which has all the powers, rights and duties of a company. It is comprised of the owners of individual condominium units and is engaged in running a condominium project in Providenciales, Turks and Caicos Islands which has since its inception been known as "Coral Gardens" or the "Coral Gardens Resort."

6.  Ron Karnehm is the original developer of "Coral Gardens" and the beneficial owner of Coral Gardens Resort Management, Ltd., a corporation which, prior to the commencement of trademark litigation concerning the "Coral Gardens" mark, was known as White House Condominium Management, Ltd. ("White House"). Prior to being voted out of control of the Strata by a majority of the owners, he managed and controlled the Strata. He was assisted in his efforts by his wife, Beverly Karnehm and his daughter, Leanne Karnehm (collectively the "Karnehms").

2

7. Plaintiff, through one of its owners, applied for a trademark in the Turks and Caicos Islands for the mark "Coral Gardens." Ron Karnehm and White House challenged that patent in the courts of the Turks and Caicos, which litigation resulted in a final order by the Court of Appeals for the Turks and Caicos Island on August 14, 2007, awarding the "Coral Gardens" trademark to Plaintiff.

8. Plaintiff has also been issued a Trademark for "Coral Gardens" by the United States Patent and Trademark Office on December 16, 2008.

9. The "Coral Gardens" Trademarks have been used with regard to the condominium units and common property located within the Coral Gardens condominium complex in Providenciales.

10. As a result of the foregoing, each of the "Coral Gardens" Trademarks has developed and now possesses secondary and distinctive meaning with regard to the condominium complex at Coral Gardens.

11. The Karnehms have registered or caused to be registered, and have utilized the domain name "coralgardens.com" ("Domain Name") to advertise and operate condominium units in locations other than at the Coral Gardens Resort, thereby infringing the Trademarks of the plaintiff. The Domain Name was initially registered by the Karnehms when they controlled the plaintiff strata corporation and used the Domain Name in relation to the operation of the Plaintiff.

12. The Coral Gardens mark is a mark that is distinctive and was distinctive at the time of registration of the "coralgardens.com" domain name. The

3

"coralgardens.com" domain name is identical or confusingly similar to the "Coral Gardens" marks. Therefore, the registration and use of the Domain Name is in violation of (d)(1)(A)(ii)(I), (II) and (III) of the Lanham Act.

13. After obtaining its US Trademark, Plaintiff made demand upon the Karnehm and White House for an assignment of the coralgardens.com domain name, as well as any other domain names that including the "Coral Gardens" name. In a letter from the United States based Attorneys for the Strata, Kivell, Rayment and Francis P.C., sent January 13, 2009, to Mr. Ron Karnehm and the companies controlled by him, ("the Letter of Demand") the Strata's Attorneys provided Mr. Karnehm with copies of the Strata's Turks & Caicos and US Trademarks, and requested that the domain name be transferred to the Strata consistent with Uniform Dispute Resolution Procedures and the Lanham Act.

14. The Domain Name was originally registered by Defendant with Network Solutions in Hendon, Virginia, USA in 1998. It remained registered in Virginia until May 3, 2009. To the best of the Plaintiff's knowledge, Leanne Karnehm's husband, Jamie Kitson (jkitson@photogiftcard.com) was listed as the administrative contact and Beverly Karnehm was listed as the owner of the Domain Name.

15. The Strata commenced proceedings against various parties including defendant Ron Karnehm, on May 15, 2009 in the District Court of Virginia for trademark violation and infringement amongst other grounds of claim and sought an order transferring the rights in the domain name coralgardens.com to the Strata as

4

trademark owner ("the Virginia Lawsuit"). Beverly Karnehm and Leanne Karnehm were added as defendants in the Virginia Lawsuit in an amended complaint filed July 31, 2009.

16. Prior to the commencement of the Virginia Lawsuit, the Karnehms learned that the Plaintiff's executive committee had approved the filing on the Virginia Lawsuit. In a classic example of cyberflight, the Karnehms transferred the Domain Name from Virginia to Canada just prior to the filing of the Virginia Lawsuit. The domain name was transferred by defendants to A Gift2Gift Corp, a Canadian corporation with its principal place of business in Vancouver, Canada. Leanne Karnehm was identified by the Registrar as the Administrative Contact. Gift2Gift Corp, a corporation with whom Leanne Karnehm's husband worked, permitted the Karnehms to continue to utilize the Domain Name after the transfer in the same manner in which the domain was used prior to the transfer, with no material changes to the content of the site. To the best of the Strata's knowledge, Gift2Gift Corp did not make any use of the coralgardens.com Domain Name to promote its own business interests.

17. The Virginia Lawsuit was defended by all defendants therein solely on the grounds that the Court lacked personal jurisdiction over the defendants and Forum Non Conveniens. The decision of the District Court of Virginia to dismiss the Virginia Lawsuit for lack of personal jurisdiction was made on October 16, 2009 after a hearing on September 25, 2009, based upon the fact that the Domain Name had been transferred outside the jurisdiction of the court and the court did not have *in rem* jurisdiction.

18. The plaintiff attempted to enforce its rights in Canada before WIPO, the World Intellectual Property Organization, and initiated a dispute resolution before that organization. However, that organization focuses solely on the issue of whether or not the domain name was initially registered fraudulently, not on whether it belonged to someone other than the initial registrant since its registration. WIPO found that since the initial registration was not fraudulent (as Karnehm controlled the Plaintiff strata at the time of the registration) no relief could be afforded under its rules.

19. The plaintiff's next step in enforcing its rights to the Domain Name was the initiation of a lawsuit in Canada. However, the Karnehms once again learned that the plaintiff had engaged counsel to pursue the Domain Name in Canada and once again the Karnehms engaged in cyberflight, moving the Domain Name to Domainpeople, Inc., in Chicago, Illinois. The Karnehms have continued to utilize the domain name after the transfer in the same manner in which the domain was used prior to the transfer, with no material changes to the content of the site. The registrant has made no use of the Domain Name for its own account and does not use it in its business.

20. When plaintiff was preparing to pursue the Domain Name in Canadian courts, the Karnehms once again engaged in cyberflight to change the registration to Domainpeople Inc., in Chicago, Illinois. The Plaintiff submits that the repeated transfers of the Domain Name in order to avoid Plaintiff's lawful claims constitutes cyberflight,

6

especially in circumstances where the transferred Domain Name content and same use remain the same after each of the transfers as it did before the transfers began.

21. "Cyberflight" is an attempt to delay a UDRP proceeding by changing the domain name registration details or registrar after learning of the complaint (*see PREPADOM v. Domain Drop S.A. (PREPADOM-COM-DOM),* WIPO Case No. D2006-0917). Transferring the disputed domain name during a pending proceeding is considered cyberflight and is in direct violation of the Policy paragraph 8(a). As was asserted by the UDRP panel in *Humana Inc. v. CDN Properties Incorporated,* WIPO Case No. D2008-1688, "there is no bright line rule regarding what constitutes a "pending proceeding," prior cases have found that process starts from the filing of the complaint rather than from the formal commencement of the proceedings. See P*REPADOM v. Domain Drop S.A.*, WIPO Case No. D2006-0916 or *Imperial Chemical Industries, PCL. v. Oxford University*, WIPO Case No. D2001-0292." Cyberflighting is a clear indication of bad faith registration. *Tomas Sziranyi v. RegisterFly.com,* Case No. D2006-0320. "Cyberflight" is the change in the registration of a domain name (registrant, registrar or both) to avoid the application of the Policy or to frustrate court proceedings with respect to entitlements to the domain name.

## THE KARNEHMS' UNLAWFUL CONDUCT

22. On information and belief, the Karnehms continue to use the "Coral Gardens" trademark and the Domain Name to advertise and operate condominiums at

7

locations other than "Coral Gardens," confusing prospective customers who wish to visit and stay at Coral Gardens.

23. Currently, the Karnehms advertise on the coralgardens.com website, which provides a toll-free number to call from the United States and Canada inviting and accepting business from the United States, including the State of Illinois.

24. The Karnehms' continued unauthorized use of the "Coral Gardens" trademark and the coralgardens.com domain name is likely to cause confusion among prospective visitors to Coral Gardens. The Karnehms' use of the "Coral Gardens" trademarks and the coralgardens.com domain name is not authorized by the Plaintiff.

25. Defendants have used the Domain Name to promote a lesser quality resort, Reef Residences. Reef Residences was developed by the defendants, owned by the Defendants, and promoted by Defendants as phase 3 of Coral Gardens. This use by Defendants use has diluted the value of Coral Gardens and damaged the Plaintiff.

26. The Reef Residences condominium units, which are advertised by Defendants as being "Coral Gardens," are of inferior quality and location to those in the Coral Gardens resort. The unauthorized use of the "Coral Gardens" trademark and the coralgardens.com domain name has injured and is likely to continue to injure the reputation of the Plaintiff's resort which has developed by virtue of the public perception of high quality associated with Plaintiff's resort.

27. The aforesaid acts by Defendants are likely to cause the public to believe that the Defendant's properties are subject to the same quality, location and as the

Plaintiff's resort, despite the fact that this is not true. It also injures Plaintiff in that Defendant does not have to pay any royalty for these unlawful uses.

28. The aforesaid use of the Coral Gardens' Trademarks and the Domain Name constitutes a false designation and falsely describes and represents Defendant's properties. The use by Defendant and others of the Plaintiff's Trademarks also constitutes an attempt to palm off and appropriate to themselves the Plaintiff's exclusive rights therein.

29. The Karnehms and others have and will continue to engage in such unauthorized activities in this state and elsewhere in interstate commerce and are likely to continue such activities, to the great injury of Plaintiff unless the Domain Name is transferred to the Plaintiff.

## CLAIM FOR RELIEF

**(Violation of Anticybersquatting Consumer Protection Act)**

30. Defendant has violated the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) by use of Plaintiff's marks in the Defendant coralgardens.com domain name.

31. The Defendant coralgardens.com domain name is either identical or confusingly similar to the distinctive "coral gardens" marks owned by Plaintiff.

32. The Karnehms and their entities have used the Defendant coralgardens.com domain name with the bad faith intent to profit because:

a. Plaintiff's Coral Gardens marks, which has been incorporated into the Defendant Domain Name, is distinctive within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(IX);

b. The registrant does not have any valid trademark or intellectual property rights in the Coral Gardens marks or the Defendant Domain Name within the meaning of 15 U.S.C. § 1125(d)(l)(B)(i)(I);

c. The Defendant Domain Name does not consist of the registrant's legal name, nor does it in any way identify the registrant within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(II);

d. The registrant has not used the Defendant Domain Name in connection with the *bona fide* offering of any goods or services within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(III) since the use of Plaintiff's Coral Gardens marks was without permission from plaintiff, the marks' owner;

e. The registrant has not used the Defendant Domain Name for *bona fide* noncommercial purposes or within the fair use provisions of 15 U.S.C. § 1125(d)(1)(B)(i)(IV);

f. The registrant's intent in obtaining the registration for the Defendant Domain Name and using the Defendant domain name to provide content similar to that provided by Plaintiff was to divert Plaintiff's consumers and to profit from the goodwill of the plaintiff's Coral Gardens marks, within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(V); and

g. The registrant used a privacy service in registering the Defendant Domain Name, which may be interpreted as an attempt to avoid providing accurate contact information within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(VII).

33. Neither the Karnehms, nor any entity in control over the Domain Name, are subject to the jurisdiction of this court.

34. The Coral Gardens mark owned by Plaintiff is famous and the Defendant Domain Name is identical or confusingly similar to, or dilutive of, plaintiff's famous mark. 15 U.S.C. § 1125(d)(1)(A).

35. The registrations of Plaintiff's mark on the Principal Register are *prima facie* evidence that the mark is at least descriptive and has acquired distinctiveness.

36. The initial registration of the Defendants Domain Name was done for the benefit of Plaintiff and used by Plaintiff prior to the time that Karnehm was voted out of control of the Plaintiff. Since that time, the Defendant Domain Name has been used by the Karnehms to the exclusion of the Plaintiff.

37. Plaintiff is entitled to an order of this court transferring the Domain Name to the Plaintiff pursuant to 15 U.S.C. § 1125(d)(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, The Proprietors of Strata Plan #36, seeks relief against Defendant as follows:

A. This Court order the Defendant Domain Name transferred to Plaintiff, together with all rights in and to the domain name "coralgardens.com", and

B. Such other and further relief as the Court deems to be just and proper.

11

        Respectfully submitted,


        *s/Dana L. Kurtz*
        _____
        Attorneys for Plaintiff

Dana L. Kurtz (ARDC 6256245)
KURTZ LAW OFFICES, LTD
32 Blaine Street
Hinsdale, IL 60521
Telephone: 630.323.9444
Facsimile: 630.604.9444
E-mail: dkurtz@kurtzlaw.us

Brian J. Rayment, Esq.
(Pro Hac Vice)
KIVELL, RAYMENT & FRANCIS, P.C.
7666 East 61st St., Suite 550
Tulsa, OK 74133
Telephone: 918.294.0047
Facsimile: 918. 254.7915