UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE PROPRIETORS OF STRATA PLAN NO. 36, | ) ) ) | |
| Plaintiff, | ) ) | 1:13-cv-8669 |
| v. | ) ) ) | Magistrate Judge Susan E. Cox |
| CORALGARDENS.COM | ) ) | |
| Defendant. | ) ) ) | |

## Order

Claimant Reef Residences Resort Management, Ltd. ("Reef Residences") filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b) (dkt. 109), seeking to have this Court "reconsider its order granting Plaintiff's motion to compel the depositions of Ron, Beverly and Sandra Karnehm (dkt. 104.)" Because Rule 60(b) is limited to final judgment and orders, Reef Residences' motion is not the proper vehicle for the relief it seeks, and is denied.

**I.    Background**

This case is an *in rem* proceeding brought by plaintiff The Proprietors of Strata No. 36 ("Plaintiff") pursuant to the Anticybersquatting Consumer Protection Act ("ACPA"), codified as 15 U.S.C. § 1125(d). Plaintiff is a Turks and Caicos corporation, comprised of the individual condominium unit owners of a property known as Coral Gardens or the Coral Gardens Resort located in the Turks and Caicos Islands, and is engaged in operating and managing that property. (Dkt. 33 at ¶ 5.) The nominal defendant is the domain name Coralgardens.com (the "Domain

1

Name"), which Plaintiff alleges is registered in this district.[1] (*Id.* at ¶ 2.) Plaintiff claims that it has been issued a trademark for the term "Coral Gardens" by the United States Patent and Trademark Office, which has been used with regard to the aforementioned property and condominium units in the Turks and Caicos Islands. (*Id.* at ¶¶ 8-9.) According to Plaintiff, Ron Karnehm was the original developer of the Coral Gardens Resort and managed and controlled the Plaintiff, until he was voted out of power by the majority of the owners. (*Id.* at ¶ 6.) Plaintiff alleges, and Defendant admits, that Reef Residences is owned and directed by Ron Karnehm, Beverly Karnehm and Leanne Karnehm, (Dkt. 37 at ¶ 4); Plaintiff further contends that Sandra Karnehm (together with Ron, Beverley, and Leanne Karnehm, "the Karnhems") is involved with corporate marketing for Reef Residences. (Dkt. 115 at 11.) The Karnhems are residents of the Turks and Caicos Islands. (Dkt. 37 at ¶ 4.) Plaintiff further contends that several of the Karnhems, through Reef Residences, registered the Domain Name to advertise other condominium units, thereby infringing on Plaintiff's trademark. (Dkt. 33 at ¶ 11.) Plaintiff initiated the instant suit seeking to have the Domain Name transferred to the Plaintiff.[2] Reef Residences entered an appearance on behalf of the defendant Domain Name, and has litigated the case, including answering the complaint and engaging in motion practice.

On March 4, 2015, Plaintiff filed a motion to compel Reef Residences to produce Sandra Karnehm, Ron Karnehm, and Beverly Karnehm (the "Witnesses") for depositions. (Dkt. 98.) This Court granted the Plaintiff's motion. (Dkt. 104.) On March 30, 2015, Reef Residences

---

[1] In *in rem* actions, the nominal defendant is the *res*, and the action "is taken directly against the property, with the narrow purpose to adjudicate the ownership of that property against the claims of all persons." *Caesars World, Inc. v. Caesars-Palace.com*, 112 F. Supp. 2d 505, 508 (E.D. Va. 2000).

[2] This is not the first suit initiated by the Plaintiff relating to this domain name and its trademark. In 2009, Plaintiff filed suit against various parties, including the Karnhems, in a federal district court in Virginia. (*Id.* at ¶ 15.) The defendants in that case moved to dismiss for lack of personal jurisdiction, and their motion was granted on October 16, 2009. *Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, 1:09-cv-5550, Dkt. 36 (E.D. Va. Oct. 16, 2009).

filed a motion to reconsider pursuant to Rule 60(b), arguing that this Court's jurisdiction does not reach to the Witnesses, and, therefore, the motion to compel should have been denied for lack of personal jurisdiction. (Dkt. 109.) A hearing was held on April 21, 2015, at which time a briefing schedule was set and the instant motion was taken under advisement. (Dkt. 114.). The motion has been fully briefed and is ripe for disposition. For the reasons discussed more fully below, this Court denies Reef Residences' motion.

**II.     Discussion**

**A.     Rule 60(b) Only Applies to Final Orders or Judgments.**

Reef Residences moves pursuant to Rule 60(b), which allows this Court to "relieve a party or its legal representative from a final judgment, order or proceeding" for several enumerated reasons. It is well established that discovery orders are interlocutory orders, and, therefore, not the appropriate subject matter for a Rule 60(b) motion. *See Petit v. City of Chicago*, 1999 WL 66539, at *2 (N.D. Ill. Feb. 8, 1999) ("However, Rule 60(b) only applies to judgments and other final orders, not interlocutory discovery rulings").

Reef Residences, likely recognizing its mistake, attempts to argue in its reply brief that "the Court should still address the instant jurisdictional question" even if Rule 60(b) does not apply to interlocutory discovery orders, because the law of the case doctrine requires this Court to reconsider its previous ruling. The law of the case doctrine "authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). Reef Residences has offered no change of law or any relevant clarification of the ACPA that would make the law of the case doctrine applicable in this matter.

The order on the Plaintiff's motion to compel was an interlocutory order, not a final order

3

or judgment. Therefore, on its face, Rule 60(b) is not applicable to that ruling, and Reef Residences' motion is denied.

### B. This Court Has the Power to Compel Production of Witnesses in *in rem* ACPA Actions.

Even if Rule 60(b) did apply, this Court would still uphold its previous ruling because it has the power to compel Reef Residences to produce witnesses for deposition. It is undisputed that Reef Residences, as a claimant in this *in rem* proceeding has "reciprocal duties to engage in discovery, just as a claimant in an *in rem* admiralty action must file an answer and respond to any interrogatories served with the complaint." *Caesars World*, 112 F. Supp. 2d at 509. Where a claimant files a claim on the *res* of an *in rem* action, that claimant makes itself "a party to th[e] action by filing a claim," thereby subjecting it to discovery obligations under the Federal Rules of Civil Procedure. *See United States v. Real Property Located at 700 N. 14th Street, Springfield, Illinois*, 2013 WL 5595952, at *2-3 (C.D. Ill. Oct. 11, 2013). In other *in rem* contexts,[3] the Federal Rules of Civil Procedure apply to the extent they are not superseded by any other special provisions. As the Third Circuit explained:

> Parties to civil forfeiture proceedings are the servants of two procedural masters: the Supplemental Rules specially devised for admiralty and *in rem* proceedings, and the generally applicable Federal Rules of Civil Procedure ("Civil Rules"). The balance between the two is struck in favor of the Supplemental Rules, which always apply to civil forfeiture proceedings. However, the Supplemental Rules, like the former admiralty rules from which they are derived, "are not comprehensive codes regulating every detail of practice,"; rather, they are special provisions that overlay the Civil Rules, adding unique requirements necessary only in forfeiture and admiralty proceedings that have no place in general

---

[3] Because the ACPA is relatively new, and the jurisprudence surrounding *in rem* actions under the statute is relatively scarce, courts turn to admiralty and civil forfeiture law, which are often *in rem*, for analogous principles and how to apply them in *in rem* cases. *See Caesars World*, 112 F. Supp. 2d at 507-08. Civil forfeiture law is particularly applicable in cases like the one at bar, as the remedies for *in rem* actions under the ACPA are "limited to a court order for the forfeiture of cancellation of the domain name or the transfer of the domain name to the owner of the mark." 11 U.S.C. § 1125(d)(2)(D(i).

> civil litigation. The Civil Rules therefore also apply to *in rem* proceedings, but only to the extent that they are not "inconsistent with" the Supplemental Rules.

*United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 149-50 (3d Cir. 2003).

Pursuant to Rule 30(b)(1), a party may identify an entity's director, officer, or managing agent of it wishes to depose by serving a notice of deposition on the party. 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 2110 (3d ed. 2010). However, lower-level employees must be served with a subpoena before they may testify. *Id*. Plaintiff argues that the Witnesses are directors, officers, or managing agents of Reef Residences, and, therefore, can be served notices of deposition without invoking this Court's subpoena power. The Court need not reach that issue at this time.[4] Reef Residences never argued that the Witnesses were not officers, directors, or managing agents at the hearing on the original motion to compel before this Court, and therefore, waived that argument. *See GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 635 (7th Cir. 2013) (any arguments raised for the first time in a motion to reconsider are waived); *Mungo v. Taylor*, 355 F.3d 969, 978 (7th Cir. 2004) (same). Thus, for the purposes of the instant motion, the Court assumes that the Witnesses were directors, officers, or managing agents of Reef Residences, and could be noticed for deposition without invoking this Court's subpoena power.

Defendant argues that it was improper "[t]o conclude that a corporate party and a non-party claimant in an *in rem* action have identical discovery obligations," and that doing so "would eviscerate the distinction between *in personam* and *in rem* jurisdiction." (Dkt. 116 at 5.) Thus, the "'managing agent' cases Plaintiff relies upon to support its position that the Court can

---

[4] The Court notes that the burden of proving that a witness fits within one of the enumerated categories in Rule 30(b)(1) is "modest" and "any doubts are resolved in favor of the examining party." *JSC Foreign Econ Assoc. Technostroyexport v. Int'l Development and Trade Servs., Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y. 2004). Reef Residences has admitted that Ron Karnehm is the owner of Reef (dkt. 115, Ex. B at 3), and that Ron, Beverly, and Leanne Karnehm own and direct Reef Residences (dkt. 37 at ¶ 4).

5

order Reef to produce the Karnhems, are inapposite in the *in rem* context." (*Id.*) Defendants further contend that Plaintiff's argument should be rejected because Plaintiff "does not identify any precedent for subjecting an officer or a director of a foreign corporation to a U.S. court's jurisdiction in an *in rem* action, where the court's jurisdiction is limited to a domain name." (*Id.*)

There are several problems with this line of reasoning. First, Reef Residences has failed to provide any precedent to support its suggestion that foreign corporations in *in rem* domain name proceedings are not subject to the normal discovery rules that apply in all over civil litigation. As noted above, the Federal Rules of Civil Procedure are applicable in *in rem* actions so long as they are not superseded by other supplemental rules. Reef Residences has cited no provision of the ACPA or the Federal Rules of Civil Procedure that would override the standard discovery obligations applicable in normal suits. As such, Reef Residences *does* have identical discovery obligations as a corporate party.[5]

Additionally, it is not the individual Witnesses who are being subjected to this Court's jurisdiction, it is Reef Residences. It is that entity that was ordered to produce the officers, directors and managing agents who were noticed for deposition; the order was *not* directed at the Witnesses.[6] Reef Residences entered an appearance in this case, has engaged in motion practice, and filed a responsive pleading on behalf of the nominal defendant Domain Name. Reef Residences has clearly subjected itself to the jurisdiction of this Court, and does not appear to argue otherwise. *See Real Property Located at 700 N. 14th Street, Springfield, Illinois*, 2013 WL

---

[5] While Reef Residences spends much of its briefs arguing that discovery in *in rem* jurisdiction cases is very different, it has failed to provide any precedent to support that notion, and most of the case law surrounding *in rem* actions supports the opposite finding. For example, questions of jurisdiction are analyzed under the same standard in both *in rem* and *in personam* cases. "[T]he minimum contacts rule of *International Shoe* . . . applie[s] to actions *in rem* and *quasi in rem*, as well as to actions *in personam*." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 224 (4th Cir. 2002) (quoting *Pittsburgh Terminal Corp. v. Mid Allegheny Corp.*, 831 F.2d 522, 526 (4th Cir. 1987)) (alterations in original).

[6] Had Reef Residences sought to argue that the Witnesses were not officers, directors, or managing agents, and, therefore, were not subject to deposition by notice, it could have done so; however, Reef Residences failed to do so, and is barred from making that argument on reconsideration.

5595952, at *2-3. If Reef Residences fails to comply with this Court's order that it produce the Witnesses for their depositions, it faces the full panoply of sanctions available this Court, including costs, fees, and possibly dismissal.

Finally, from a practical standpoint, it is impossible to decipher how Reef Residences believes discovery in *in rem* domain name cases under the ACPA should proceed. The ACPA is essentially a trademark statute that requires fact-specific inquiries such as likelihood of confusion among trademarks, dilution of trademarks, and even bad faith. *See* 15 U.S.C. § 1125(d). If an entity files a claim on the relevant domain name, discovery will necessarily be required to answer these fact-intensive questions. *See Harrods*, 302 F.3d at 243-248 (discussing need to allow plaintiff to engage in discovery against claimant in *in rem* ACPA action). This could certainly include deposing the officers, directors, and managing agents of the claimant corporation. Indeed, there are cases where such a claim could not be adequately litigated without doing so. Despite Reef Residences' assertions to the contrary, it is firmly within the bounds of this Court's power to compel a claimant to produce its officers, directors, and managing agents for deposition in *in rem* domain name cases under the ACPA, and its motion is denied.

## CONCLUSION

For the reasons discussed more fully above, Reef Residences' motion for reconsideration (Dkt. 109) is denied.


**ENTERED:**

**DATED:** August 6, 2015                                         /s/  Susan E. Cox_____

                                                                                    Susan E. Cox
                                                                                    United States Magistrate Judge